IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:21-cv-02402-RMR

TTEC HOLDINGS, INC., a Delaware corporation,

        Plaintiff,

v.

ARTHUR NOWAK, an individual,

        Defendant.

### TTEC'S MOTION FOR LEVEL 1 RESTRICTED ACCESS TO DKTS. 11 AND 11-1

According to D.C.COLO.LCivR 7.2, Plaintiffs TTEC Holdings, Inc. ("TTEC") respectfully request that the Court (1) maintain Level 1 restricted access to two documents Defendant Arthur Nowak filed in response to TTEC's motion for TRO and preliminary injunction, and (2) order Nowak or TTEC to file the redacted versions attached to this motion under unrestricted access as described below. The two documents are:

- Nowak's response brief [Dkt. 11] ("Response"); and
- Nowak's declaration attached to the Response [Dkt. 11-1].

In support of its Motion, TTEC states as follows:

### CERTIFICATION

According to D.C.COLO.LCivR 7.1(a), counsel for TTEC conferred with counsel for Nowak regarding this Motion. Nowak does not believe standards for restricting public access are met in this situation.

## MOTION

1.	This is a non-compete case. TTEC filed it's a motion for TRO and preliminary injunction on September 17, 2021. [Dkt. 8].

2.	In support of its motion, TTEC filed a declaration from its Global Head of Engage, Sean Erickson. [Dkt. 8-1].

3.	In the motion and Mr. Erickson's declaration, TTEC referred to "TTEC's strategic considerations, deliberations, and plans to re-enter Malaysia and do business there." *Id.* at ¶ 5. TTEC referred to Nowak's role in "identifying and actually meeting with potential partners" in Malaysia, and to "the local partners TTEC identified and those he met with," but did not describe the types of strategic partnerships in question. *Id.* at ¶¶ 5, 8. TTEC specifically noted that those strategic considerations, deliberations, and plans are confidential and none of TTEC's competitors know TTEC's strategy—except to the extent Nowak has or will shared the information with Everise. *Id.* at ¶ 5.

4.	In response to TTEC's motion, Nowak went further and publicly divulged details about the *type* of strategic partnerships TTEC has considered in Malaysia and its efforts toward establishing them. *See* Nowak Decl. ¶¶ 40-45, 47, 51, 53; Resp. 2, 5, 6, 7, 13-14, 15 n.5, 16. Until Nowak disclosed this information in his filings, it was confidential. Only the potential strategic partners themselves were aware that they were being solicited, and they were subject to non-disclosure agreements. Exhibit A – Decl. of Sean Erickson in Supp. of Mot. to Restrict Access ¶ 3.

5. Given that both the Response and Nowak's declaration contain highly confidential information regarding TTEC and potential local partnerships, TTEC asks that the current versions be reclassified as Restricted Level 1.

6. Attached to this motion are proposed redacted versions of the Response and Nowak's declaration, reflecting the portions of the documents that should be restricted from public access.

7. Without the relief requested in this Motion, the entire Response and Nowak declaration will remain public.

8. While "'[c]ourts have long recognized a common-law right of access to judicial records,'" they have also recognized that the right "is not absolute.'" *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). Documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). Accordingly, courts may exercise discretion and restrict a public's right to access judicial records if that "'right of access is outweighed by competing interests.'" *JetAway*, 754 F.3d at 826 (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

9. In exercising that discretion, courts "'weigh the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and substantial interest that justifies depriving the

public of access to the records that inform [the court's] decision-making process." *JetAway*, 754 F.3d at 826 (quotation marks and citation omitted); *Pine Tele. Co. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015) (showing of "significant interest" required). "[A] generalized allusion to confidential information" is insufficient; as is the bare reliance on the existence of a protective order pursuant to which the documents were filed. *JetAway*, 754 F.3d at 826-27.

10. A party may overcome the presumption of public access where the records contain trade secrets, *Alcatel-Lucent*, 617 F. App'x at 852; "business information that might harm a litigant's competitive standing," *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978); information which "could harm the competitive interests of third parties," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013); or private or personally identifiable information, Fed. R. Civ. P. 5.2, or otherwise invade privacy interests, *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010), such as personal medical information, *Dillard*, 795 F.3d at 1205 (citing *Nixon*, 435 U.S. at 599).

11. As set forth above, the Response and Nowak's declaration contain confidential details concerning TTEC's strategy for re-entering Malaysia that, if disclosed, would damage TTEC's competitive advantage and allow competitors to realize unfair advantages in the market. It also breaches the potential partners' expectation of privacy in their dealings with TTEC. Erickson Decl. ¶ 4. Therefore, TTEC's interest in maintaining their confidentiality outweighs the presumption of public access. *See Rickaby v. Hartford Life & Accident Ins. Co.*, No. 15-CV-00813-WYD-NYW, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016) (restricting access to commercially sensitive information and proprietary contracts).

4

12. Further, the public has no need for TTEC confidential information. Access to unredacted versions of the Response and Nowak declaration would not enhance any public understanding of the issues presented in TTEC's motion for TRO. *See Nixon*, 435 U.S. at 597 (identifying factors when balancing the interest in sealing documents and the public's interest in access, including whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding; and whether the public has already had access to the information contained in the records).

13. As contemplated by D.C.COLO.LCivR 7.2(c)(4), TTEC has identified alternative means to outright restriction: redacting the Response and Nowak declaration to remove the confidential information and filing those versions publicly. Now that Dkts. 11 and 11-1 themselves are already filed, there is no alternative to restricting those documents from public access. The result is redacted, publicly available versions, and also unredacted versions available to the Court and the parties under Level 1 restriction. The portions to be redacted are pertinent to the Court's full review of TTEC's motion, but not necessary to the public.

WHEREFORE, TTEC respectfully requests the Court order Level 1 restricted access to Dkts. 11 and 11-1 and order Nowak or TTEC to file the attached redacted versions under unrestricted access.

Respectfully submitted this 28th day of September, 2021.

*s/ Thomas W. Carroll*
Darren E. Nadel
Thomas W. Carroll
Derek S. Hecht
Joshua B. Abromovitz
LITTLER MENDELSON P.C.
1900 Sixteenth Street
Suite 800
Denver, CO  80202
Telephone:    303.629.6200
Facsimile:    303.629.0200
Email:        dnadel@littler.com
              tcarroll@littler.com
              dhecht@littler.com
              jabromovitz@littler.com

*Attorneys for Plaintiff TTEC Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2021, a true and correct copy of the foregoing **TTEC'S MOTION FOR LEVEL 1 RESTRICTED ACCESS TO DKTS. 11 AND 11-1** was filed and served via CM/ECF, and will also be sent via email to the individuals listed below:

Michael R. Greco
Fisher & Phillips LLP
1125 17th Street, Suite 2400
Denver, CO  80202
Telephone: 303-218-3655
Fax: 303-218-3651
Email: mgreco@fisherphillips.com

*s/ Joanna Fox*
Joanna Fox, Legal Secretary

6